UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>DJO GLOBAL, INC. and DJO FINANCE, LLC,<br><br>Defendants. | Case No.: 3:19-cv-00970-JLS-AHG<br><br>**ORDER GRANTING IN PART DEFENDANTS' OPPOSED MOTION TO EXTEND CASE SCHEDULE**<br><br>**[ECF No. 66]** |

    This matter comes before the Court on the Opposed Joint Motion on DJO's Request for an Extension of Case Schedule. ECF No. 66. Defendants DJO Global, Inc. and DJO Finance, LLC request a two-month extension of the dates set forth in the Court's Case Management Order (ECF No. 41). Plaintiff opposes Defendants' request.

    Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also* ECF No. 41 ¶ 30 (providing that the dates in the Case Management Order would not be modified "except for good cause shown"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018). Whether the requested extension would prejudice the non-movant is relevant, but secondary to the Court's consideration of diligence. "Because diligence is the focus of the inquiry, prejudice to the party opposing the modification is not a prerequisite; it does, however, 'supply additional reasons to deny [the] motion.'" *Cruz v. City of Anaheim*, No. CV1003997MMMJEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (quoting *Johnson*, 975 F.2d at 609).

Here, Defendants contend there is good cause to extend all dates in the Case Management Order by approximately two months for the following reasons. First, the Court continued the Claim Construction Hearing from April 16 to June 11, 2020 on its own motion, creating the possibility that the current fact discovery end date of July 10, 2020 may pass before the Court issues a claim construction order. ECF No. 66 at 2. Defendants express concern that they may need to schedule fact depositions for June 2020 while many stay-at-home orders and travel restrictions are still in place due to the ongoing COVID-19 public health crisis. *Id.* Defendants argue that being forced to prepare and defend all of their witnesses (who are not experts or experience witnesses) remotely will cause prejudice to them; and, further, Defendants expect that many of the restrictions related to COVID-19 will be lifted by August 2020, permitting in-person preparation and defense. *Id.* at 3. Finally, Defendants argue Plaintiff will not be prejudiced by a two-month extension of the case schedule.

Plaintiff opposes the request, challenging the underlying premises that the conditions preventing in-person depositions will have changed in August 2020 or that taking depositions remotely would cause difficulty or prejudice to Defendants, noting that Defendants already deposed Plaintiff's expert by video in March. *Id.* at 6-7. Plaintiff also

counters that, even if a fact discovery extension is granted, the entire case schedule need not be extended as a result. *Id.* at 7-8. Finally, Plaintiff asserts that the requested extension would result in prejudice to it, because economic uncertainty has created "particular challenges for non-profit organizations that rely on charitable giving (which has largely dried up) and endowment funding (which has been damaged by a market downturn)," such that Plaintiff would be prejudiced by any delay in obtaining relief in this action. *Id.* at 8.

The Court finds some persuasiveness in the arguments of both parties. In particular, the Court is inclined to agree with Plaintiff that there is no right to prepare witnesses or take depositions in person. The Court has been strongly encouraging all litigants in all of its cases to take depositions remotely in light of travel restrictions and stay-at-home orders, and finds Defendants' professed burdens associated with conducting discovery remotely to be overstated. Moreover, to credit Defendants' argument now would justify a potentially indefinite extension of the discovery deadlines in this case, depending on unpredictable developments of the spread of the virus and the responses of various governmental entities over the coming months. The Court agrees with Plaintiff that there is no evidence that circumstances will be materially different in August 2020 than in June 2020. In short, the Court will not continue the discovery schedule solely to ensure that depositions can be taken and witnesses can be prepared in person.

Nonetheless, the Court also finds Defendants' requested extension of the case deadlines to be modest and reasonable in light of the approximately two-month continuance of both the claim construction hearing and Mandatory Settlement Conference ("MSC") in this matter. *See* ECF Nos. 63, 65. The Court also finds Plaintiff's contention that it will be prejudiced by such an extension to be overstated. The stipulated continuance of the MSC by more than three months has already delayed Plaintiff's earliest possible opportunity to obtain relief. Moreover, the Court finds it generally sensible to extend the case schedule in accordance with the continuance of the key date of the claim construction hearing, to be consistent with the typical trajectory of patent cases in this court.

Accordingly, the Court will **GRANT IN PART** Defendants' request to extend the case schedule.[1] The Court's Case Management Order (ECF No. 41) is **HEREBY AMENDED** as follows:

1. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **July 27, 2020**. See Patent L.R. 2.1(a)(1).

2. All fact discovery shall be completed by all parties on or before **September 11, 2020**.

3. A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), by **September 18, 2020**.

4. A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), by **October 13, 2020**.

5. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **November 2, 2020**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **December 2, 2020**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

6. All discovery, including expert discovery, shall be completed by all parties on or before **December 22, 2020**.

7. All other dispositive motions, including those addressing Daubert issues, shall be FILED on or before **January 8, 2021**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the

---

[1] Some of Defendants' requested dates related to the pretrial conference have been adjusted after consultation with the presiding District Judge.

motion not being heard.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by **The Honorable Janis L. Sammartino**.

8. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **March 25, 2021**.  Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

9. Pursuant to Local Civil Rule 16.1(f)(4), on or before **April 1, 2021**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c). The proposed pretrial order must include all content mandated in the Court's previous Case Management Order. *See* ECF No. 41 ¶ 26. The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. **The Honorable Janis L. Sammartino** will entertain any questions concerning the conduct of the trial at the pretrial conference.

10. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a).  On or before **April 8, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

11. The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with **The Honorable Janis L. Sammartino**'s chambers on or before **April 15, 2021**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

12. The final pretrial conference shall be held before **The Honorable Janis L.**

**Sammartino**, United States District Court Judge, on **April 22, 2021** at **1:30 PM**, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions and the trial schedule.

All other requirements set forth in the Court's previous Case Management Order (ECF No. 41) and Order continuing the MSC and issuing updated procedures (ECF No. 65) remain in place, except as explicitly modified by this Order or by any intervening orders of the Court.

The parties are cautioned that the Court will not find good cause to grant any further extensions of the case schedule based on the purported need to take depositions or prepare witnesses in person.

**IT IS SO ORDERED.**

Dated:  May 28, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge