UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL d/b/a Orthopaedic Institute For Children,<br><br>Plaintiff,<br><br>v.<br><br>DJO GLOBAL, INC. and DJO FINANCE LLC,<br><br>Defendants. | Case No.: 19-CV-970 JLS (AHG)<br><br>**ORDER DENYING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 85, 86, 111, 113, 116) |

Presently before the Court are Plaintiff's (ECF Nos. 85, 86,[1] 113, 116) and Defendants' (ECF No. 111) Motions to File Documents Under Seal. These Motions were filed in connection with Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment. Having carefully considered the Motions, the proposed documents, and the relevant law, the Court **DENIES** Plaintiff's Motions and **DENIES** Defendants' Motion.

///

///

---

[1] The Court notes that the Motions at ECF Nos. 85 and 86 appear to be identical.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound

discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

### I. Plaintiff's Motions

Plaintiff seeks to file the following documents under seal:

- Exhibits B–M, Q, S, V–W, Z, EE–JJ, SS–VV, XX–ZZ, AAA–CCC, HHH, MMM, OOO, VVV–ZZZ, AAAA, and CCCC–DDDD;
- Portions of Plaintiff's Motion for Partial Summary Judgment of Infringement;
- Plaintiff's Statement of Material Facts in Support of its Motion for Partial Summary Judgment of Infringement;
- Portions of Plaintiff's Reply in Support of its Motion for Partial Summary Judgment of Infringement; and
- Portions of Plaintiff's Opposition to Defendants' Cross Motion for Summary Judgment.

Given the strong presumption in favor of access to court records, a party seeking to file materials under seal in support of a dispositive motion, such as a motion for summary judgment, must articulate compelling reasons to maintain their confidentiality. *See Foltz*, 331 F.3d at 1136. Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard. *Foltz*, 331 F.3d at 1136. Further, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

Here, the only reason given by Plaintiff to seal these documents is that Defendants, Plaintiff, or a third party designated the documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (ECF No. 43) entered in this

case. (*See, e.g.*, ECF No. 85 at 6.) A review of the Exhibits reveals that they primarily consist of declarations, interrogatory responses, transcripts of various depositions, and miscellaneous business documents. Plaintiff correctly states that "[t]his Court and others have sealed documents containing business confidential information," (*id.*); however, sealing is only appropriate in conjunction with a dispositive motion after an appropriate showing has been made that satisfies the compelling reasons standard. Without a specific showing, it is unclear to the Court what portions of these Exhibits—if any—contain information that would cause specific prejudice or harm if they are not filed under seal.

Because Plaintiff has failed to meet its burden of establishing "compelling reasons" sufficient to outweigh the public's interest, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to File Documents Under Seal. (ECF Nos. 85, 86, 113, 116).

## II.  Defendants' Motion

Defendants seek to file the following documents under seal:

- Exhibits 1–3, 5–6, 8–11, 15–23, 27–33, and 35–36;
- Portions of Defendants' Cross Motion for Summary Judgment;
- Portions of Defendants' Statement of Material Facts in Support of Their Cross Motion for Summary Judgment; and
- Portions of Defendants' Opposition to OH's Motion for Partial Summary Judgment.

Defendants contends these documents should be filed under seal because either Plaintiff or Defendants have designated the documents as highly confidential under the Protective Order (ECF No. 43) entered in this case. (ECF No. 111 at 1–4.) For the same reasons articulated above, *see supra* Section I, the Court finds Defendants have failed to meet their burden of establishing "compelling reasons" sufficient to outweigh the public's interest. The Court therefore **DENIES WITHOUT PREJUDICE** Defendants' Motion (ECF No. 111).

The Parties should consider which information meets the standard necessary for sealing and make a specific showing supported by declarations of individuals with

knowledge of the documents as well as the reasons for sealing. The Court is not inclined to seal any documents in their entirety, unless the Moving Parties make the requisite showing to seal every portion of the document.

## CONCLUSION

In light of the foregoing, the Court:

1. **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Seal (ECF Nos. 85, 86, 113, 116); and

2. **DENIES WITHOUT PREJUDICE** Defendants' Motion to Seal (ECF No. 111).

Within seven days of the electronic docketing of this Order, the Parties **SHALL FILE** renewed motions to seal that meet the "compelling reasons" standard **OR** the Parties **SHALL FILE** full, unredacted copies of the documents previously lodged under seal at ECF Nos. 87, 112, 114, and 117.

**IT IS SO ORDERED**

Dated: December 4, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge