UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL,<br><br>                                        Plaintiff,<br><br>v.<br><br>DJO GLOBAL, INC. and DJO<br>FINANCE, LLC,<br><br>                                        Defendants. | Case No.:  3:19-cv-00970-JLS-AHG<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO MODIFY CASE<br>SCHEDULE**<br><br><br>**(ECF No. 131)** |

On December 4, 2020, Defendants DJO Global, Inc. and DJO Finance, LLC ("Defendants") filed a motion to modify the schedule in this case, which was set to be heard by District Judge Sammartino on January 7, 2021. ECF No. 131. Concurrently, Defendants filed an *ex parte* application for an order shortening time on that motion. ECF No. 132. Judge Sammartino asked this Court to address the motion and application. The Court granted the application and gave Plaintiff Orthopaedic Hospital ("Plaintiff") until December 10, 2020 to file its opposition to Defendants' motion to modify the case schedule. ECF No. 134. Plaintiff opposed the motion (ECF No. 135) and the Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1).

1

## I.     DISCUSSION

Defendants request to continue all remaining dates in this case by about six months. ECF No. 131 at 4. In light of stay-at-home orders issued as a result of the pandemic, the district judge expressed to the parties during the summary judgment hearing that it was very unlikely this case would be tried to a jury in 2021. *Id.* at 3 (citing Hearing Tr. at 29:20-24). For this reason, Defendants argue it would be expensive, cumbersome, and inefficient for the parties to race through trial preparation at the beginning of 2021 only to wait a minimum of nine months to proceed to trial. *Id.* Defendants point out that this also would be inefficient because the district judge and parties would have to re-familiarize themselves with the case long after participating in the pretrial conference. *Id.*

Plaintiff responds that delay is unwarranted and will impose additional costs on the parties. ECF No. 135 at 2-3. Specifically, Plaintiff argues that the experts are ready for their depositions now and that the remaining pretrial requirements and hearings can be conducted remotely. *Id.* at 3-4. Plaintiff also contends this case is ripe for summary judgment. *Id.* at 4. In Plaintiff's view, any delay necessitated by the pandemic would relate only to the trial date. *Id.* at 3. Therefore, Plaintiff seeks to maintain the current schedule. *Id.*

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift*

*Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

This motion highlights the unusual circumstances brought about by this pandemic. There is nothing before the Court to suggest that Defendants have not been diligent in meeting the current deadlines or that they are unable to do so. Rather, the question is whether it makes sense to press ahead with costly pretrial preparation when the prospect of holding a trial in the next year is exceedingly remote. The Court finds that it does not. The parties have had multiple settlement conferences and have received rulings on a round of summary judgment motions. The outcome of these conferences and orders suggests that this case is headed for trial. As Defendants highlight, any trial preparations done now will have to be reviewed and potentially updated before trial, resulting in increased time and expense for the parties.

The Court also does not find that delaying would be prejudicial to Plaintiff. *See Johnson*, 975 F.2d at 609 ("[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification"). Plaintiff's opposition speaks largely to the parties' *ability* to move ahead under the current schedule, but not to whether it makes sense to do so. Plaintiff also states without explanation that costs would increase with a delay. In fact, continuing with a schedule that requires the parties to be fully prepared for trial in four months, without the realistic possibility that trial can happen for at least another eight months after that, will result in additional expenses from the long lag time between preparation and the trial itself. Finally, Defendant cites to its motion for partial summary judgment in arguing that the case should proceed on schedule because it is ripe for summary judgment. ECF No. 135 at 4. But the district judge recently denied that motion on the grounds that "[t]he Court cannot reach the issue of infringement when a genuine issue of material fact exists regarding which entity or entities are the proper defendants." ECF No. 130 at 8. Thus, it does not appear that

summary judgment is likely to move this case forward in Plaintiff's favor anytime soon and, thus, Plaintiff would not be prejudiced by an extension of the deadlines.

Granting Defendants' request would allow both parties additional time to complete discovery related to the many expert witnesses in this case and to prepare dispositive and *Daubert* motions. It also will allow the district judge additional time to review and decide these motions prior to the rescheduled pretrial conference. Accordingly, for all of the reasons set forth above, the Court finds good cause to **GRANT** Defendants' motion.

## II.    CONCLUSION AND AMENDED SCHEDULING ORDER

Having found good cause to grant the motion, the Court hereby **AMENDS** the scheduling order as follows:

1.    All expert discovery shall be completed by all parties by **April 2, 2021**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

2.    Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

3.    All other pretrial motions must be filed by **May 5, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

4.    A Mandatory Settlement Conference shall be conducted on **August 27, 2021** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**.  Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **August 6, 2021**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties

should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person or by phone no later than **August 13, 2021**.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **August 17, 2021**.  The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **August 17, 2021**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

5.     Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **September 23, 2021**.

6.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 23, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

7.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 30, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall

note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).     By **October 7, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **October 14, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

10.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on **October 21, 2021** at **1:30 PM**.

11.     The dates and times set forth herein will not be modified except for good cause shown.

12.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: December 10, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

6