UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL,<br><br>        Plaintiff,<br><br>v.<br><br>DJO GLOBAL, INC. and DJO FINANCE, LLC,<br><br>        Defendants. | Case No.: 3:19-cv-00970-JLS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 107]** |

This matter comes before the Court on Defendants DJO Global, Inc. and DJO Finance, LLC's ("Defendants") Motion to File Documents Under Seal. ECF No. 107. Defendants seek to file under seal Exhibits D and E of the pending Joint Motion for Resolution of Discovery Dispute ("the Joint Motion") (ECF No. 106).

### I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). There is a "strong presumption in favor of access" to nearly all court records. *Id.* at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

1

1122, 1135 (9th Cir. 2003). A party seeking to seal a court record bears the burden of overcoming the "strong presumption in favor of access" by articulating "compelling reasons for doing so." *Kamakana*, 447 F.3d at 1178.

A different standard applies, however, to "private materials unearthed during discovery," which are not part of the judicial record. *Id.* at 1180. For discovery documents attached to non-dispositive motions, "the usual presumption of the public's right of access is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Applying Rule 26(c) of the Federal Rules of Civil Procedure, courts have been clear that a particularized showing of "good cause" will suffice to seal documents produced in discovery. *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (confirming continued applicability of good cause standard to sealing of discovery documents). Rule 26(c), in turn, provides that a trial court may, for good cause, grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). "When a court grants a protective order for information produced during discovery, it [] has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213.

## II.   DISCUSSION

Here, Defendants explain that the exhibits have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order (ECF No. 43) by Plaintiff Orthopaedic Hospital ("Plaintiff"). ECF No. 107 at 2. As described in the Joint Motion, Exhibit D contains redacted documents that appear to have been produced from earlier litigation between Orthopaedic Hospital and DePuy Orthopaedics, Inc. ("DePuy"), which Plaintiff did not log. ECF No. 106 at 5-6. Defendants seek unredacted copies of these documents. *Id.* at 7. Exhibit E contains the privilege log prepared by Plaintiff

2

in the DePuy litigation and produced during discovery in this case. Defendants seek unredacted versions of all of the documents listed on the log. *Id.* at 8-9.

Because the underlying motion relates to a nondispositive dispute about a privilege log, the Court applies the "good cause" standard. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 308 F.3d at 1210-11 (citing *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")). Once a showing of such particularized harm is made, the court must balance the public and private interests to decide whether a protective order is required. *Id.* at 1211.

In this case, Defendants made no effort to argue that good cause exists other than to note that the documents were designated as highly confidential under the stipulated protective order. When a court already has found "good cause" to enter a protective order and a party subsequently attaches a covered document to a nondispositive motion, "the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Id.* at 1213. However, the Ninth Circuit has "not yet ruled on whether discovery documents subject to a *stipulated* protective order and attached to a non-dispositive motion, [] fall within this exception," given that the court was not required to engage in a "good cause" analysis for a stipulated protective order. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 430 (9th Cir. 2011). In this case, the parties stipulated to the protective order entered on October 29, 2019, and thus, the Court was not asked to conduct a "good cause" analysis as to any category of documents. *See* ECF No. 43. Therefore, such an analysis is required now before the Court may order Exhibits D and E to be filed under seal.

Exhibit D includes documents such as interrogatory responses, deposition transcripts, and deposition exhibits. ECF No. 106 at 5-6. It was designated by Plaintiff, but

Defendants filed the instant motion. Thus, Plaintiff did not have an opportunity to present arguments in favor of maintaining its confidentiality. Accordingly, the Court provided Plaintiff with an opportunity to file a declaration supporting the motion to file these documents under seal, explaining that if Plaintiff did not explain in detail why these documents should be sealed, Defendant's motion would be denied. ECF No. 123.

Plaintiff's counsel, Paul Schoenhard, filed a declaration in response to the Court's order. ECF No. 126[1]. Mr. Schoenhard's primary argument for sealing all of the documents is that, when it obtained them via subpoena from DePuy, DePuy made clear that its waiver of its objections to Orthopaedic Hospital producing sealed documents in this case was "contingent on the documents receiving the same level of confidentiality under the protective order in the Current Litigation as they were given in the previous litigation." ECF No. 126 ¶ 9 and Ex. 2. However, "[a]n agreement to treat information designated by a third party as confidential under a protective order is insufficient to justify sealing the information." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *8 (S.D. Cal. Apr. 20, 2020) (citing *Nalco Co., v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 12642193, at *4 (N.D. Cal. Oct. 30, 2014) (denying motion to seal certain information designated by a third party as confidential under a protective order absent a supporting declaration)). Here, DePuy has not filed a declaration in support of the sealing motion and Plaintiff does not object (on its own behalf) to disclosing some of the information contained in Exhibit D. Given that large portions of the documents are redacted (in some cases, whole pages), it also seems unlikely that sealing all of Exhibit D is justified. Accordingly, the Court will address below those portions of

---

[1] Mr. Schoenhard's original declaration is dated November 27, 2020 (the Court's deadline), but appears to have been filed on November 28, 2020. *See* ECF No. 125. The declaration subsequently was withdrawn and refiled as a result of a docketing error. ECF Nos. 125, 126. Though the Court could disregard the untimely declaration and deny the motion, because Mr. Schoenhard's claims in support of sealing largely refer to confidentiality asserted by third parties to this action, the Court will consider his declaration.

Exhibit D that Plaintiff requests to be filed under seal. The motion will be denied with regard to the portions for which the only support is the agreement with DePuy. However, this ruling is without prejudice to Plaintiff filing, if it chooses, a renewed motion no later than thirty (30) business days from the date this Order is filed setting forth good cause, supported by a declaration from DePuy, as to why such information should be sealed.

OH_Priv0117-122 are excerpts from Orthopaedic Hospital's interrogatory responses in the prior litigation. Plaintiff contends they contain potential confidential business strategy information of DePuy and interactions between Orthopaedic Hospital and DePuy. Upon review of the arguments and documents, the Court finds that Plaintiff has not demonstrated what specific harm will result from disclosure of this information.

OH_Priv0272-291 contains excerpts of inventor Dr. Harry McKellop's deposition, which include confidential information about his compensation and confidential communications regarding patent prosecution strategy. The Court finds good cause to seal these documents.

OH_Priv0328, 331-332, 335-336 contain excerpts of a different deposition of Dr. McKellop. These documents contain Orthopaedic Hospital's confidential, internal research and development information specific to information contained in the patent claims. The Court finds good cause to seal these documents.

OH_Priv0340-345, 355, 359 are excerpts from the deposition of Venkat Narayan and contain confidential information regarding DePuy's internal research and development efforts, including those that were presented to Dr. McKellop to further the collaboration between DePuy and Orthopaedic Hospital. The Court finds good cause to seal these documents.

OH_Priv0360-361, 363-364 contain communications between Dr. Fu-Wen Shen, an Orthopaedic Hospital affiliated inventor, and DePuy regarding the technology and business strategy related to patent prosecution. The Court finds good cause to seal this document.

OH_Priv0373 is a patent strategy chart by Dr. Shen. The Court finds good cause to seal this document.

OH_Priv0375-376 are excerpts of a report by Orthopaedic Hospital's expert relating to research and development strategy and internal correspondence between Orthopaedic Hospital and DePuy. The Court finds good cause to seal these documents.

OH_Priv0383-388, 392, 395-398, 402-404, 416-418, 421-422, 425 all are excerpts of the deposition of patent prosecution attorney Wean King Wong and discuss Orthopaedic Hospital and DePuy's sensitive information regarding patent prosecution strategy. The Court finds good cause to seal these documents.

As previously noted, Exhibit E is the privilege log prepared by Plaintiff in the DePuy litigation. The privilege log itself should not, by definition, contain privileged information because Rule 26(b)(5)(ii) directs that when a party withholds information as privileged, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii). And, while it was created and produced in separate litigation subject to different orders, it was produced *by Plaintiff*, so Plaintiff had an opportunity to control what confidential information it contained. Plaintiff does not object to the public filing of Exhibit E in this case. ECF No. 125 ¶ 8. The motion to seal Exhibit E, therefore, is denied.

### III.  CONCLUSION

Defendants' Motion to Seal (ECF No. 107) is **GRANTED IN PART AND DENIED IN PART**. With regard to the portions of the exhibits for which the Court denied the motion, Plaintiff must provide counsel for DePuy with a copy of this Order within ten (10) business days. Plaintiff may file a renewed motion no later than thirty (30) business days from the date this Order is filed setting forth good cause, supported by a declaration from DePuy, as to why such information should be sealed.

**IT IS SO ORDERED.**

Dated: December 22, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge