UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL,<br><br>                          Plaintiff,<br>v.<br>ENCORE MEDICAL, L.P.,<br><br>                          Defendant. | Case No.: 3:19-cv-00970-JLS-AHG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL WITHOUT PREJUDICE;**<br><br>**(2) SETTING DEADLINE FOR PLAINTIFF TO FILE A RENEWED MOTION TO SEAL; and**<br><br>**(3) DIRECTING THE CLERK'S OFFICE TO MAINTAIN DOCUMENTS UNDER SEAL IN THE INTERIM**<br><br>**[ECF Nos. 171, 172]** |

This matter comes before the Court on Defendant Encore Medical, L.P.'s ("Defendant") Motion to File Documents Under Seal. ECF No. 171. Defendant seeks to file its Second Motion to Compel and for Sanctions (ECF No. 172) under seal, because Exhibits 12-16 and 19-24 attached thereto have been designated "highly confidential" by Plaintiff Orthopaedic Hospital ("Plaintiff") pursuant to ¶ 4.2(a) of the parties' stipulated Protective Order (ECF No. 43), and because the motion itself "quotes from, describes, and summarizes the content of [those] exhibits[.]" *See* ECF No. 171 at 1-2.

For discovery documents attached to non-dispositive motions, "the usual presumption of the public's right of access [to court filings] is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A particularized showing of "good cause" will suffice to seal documents produced in discovery. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1138). Because the underlying motion relates to a nondispositive dispute regarding discovery documents, the Court applies the "good cause" standard. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 308 F.3d at 1210-11 (citing *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test")).

The Court has previously addressed a similar motion to seal filed by Defendant regarding documents that Plaintiff had designated highly confidential. *See* ECF No. 123. There, the Court explained that, consistent with the undersigned's Civil Pretrial Procedures, requests to file information under seal are "closely scrutinize[d]" and will only be granted "if a specific showing is made that justifies sealing." *Id.* Because, in that motion, Defendant provided no argument in support of the motion to seal other than to explain that Plaintiff had designated the documents highly confidential pursuant to the parties' protective order, the Court required Plaintiff to submit a declaration supporting the request to seal, explaining "in detail" why the documents should be sealed. *Id.*

Once more, Defendant gives no reason why the Court should seal the documents at issue in the present motion other than the fact that Plaintiff designated certain exhibits "highly confidential" pursuant to the protective order. ECF No. 171 at 2-3. Anticipating that the Court would require Plaintiff, the designating party, to support the sealing request, Defendant notes in the motion that "[i]n light of the Court's prior orders regarding motions to seal in this case, concurrently with the filing of this motion, Defendant has requested from counsel for [Plaintiff] a declaration supporting the confidentiality of these documents." *Id.* at 3. Plaintiff has not filed any such declaration. Therefore, the Court finds that neither party has met the burden of showing specific prejudice or harm will result if the documents are filed publicly. Defendant's Motion to Seal (ECF No. 171) is thus **DENIED without prejudice**.

Because this denial is without prejudice, Plaintiff (as the designating party) may file a renewed motion to seal the documents at issue, making a specific showing of prejudice or harm, no later than **May 10, 2021**. The Clerk's Office is **DIRECTED** to maintain the documents at issue (ECF No. 172) under seal in the interim. If Plaintiff does not file a renewed motion to seal by the deadline, the Clerk's Office is **DIRECTED** to unseal the docket entry at ECF No. 172 on **May 11, 2021**.

**IT IS SO ORDERED.**

Dated: April 29, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge