UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL d/b/a Orthopaedic Institute For Children,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE MEDICAL L.P.,<br><br>Defendant. | Case No.: 19-CV-970 JLS (AHG)<br><br>**ORDER SUA SPONTE STRIKING FILINGS IN VIOLATION OF LOCAL RULES**<br><br>(ECF Nos. 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216) |

Presently before the Court are seventeen motions filed by Plaintiff Orthopaedic Hospital and four motions filed by Defendant Encore Medical L.P. On May 5, 2021, Plaintiff filed three separate Motions for Partial Summary Judgment (ECF Nos. 186, 189, 192), five *Daubert* Motions (ECF Nos. 195, 198, 203, 206, 209), and nine Motions to File Documents Under Seal (ECF Nos. 184, 187, 190, 193, 196, 199, 201, 204, 207). On the same day, Defendant filed two separate Motions for Summary Judgment (ECF Nos. 215,

///

///

216), one *Daubert* Motion (ECF No. 214), and a Motion to File Documents Under Seal (ECF No. 210).

The page limit for motions is governed by Civil Local Rule 7.1(h), which states, "[b]riefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." The rule requires a party who files multiple motions noticed for the same hearing date to file one combined memorandum of points and authorities, which may not exceed twenty-five (25) pages in length, or obtain prior leave of the Court to file a longer memorandum. *See King Cty. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001), *aff'd*, 299 F.3d 1077 (9th Cir. 2002) (finding a party must "request advance permission from the court to file overlength briefs"). Excessive briefs are disfavored considering "the strain on the Court's already-swollen docket and potential prejudices to the opposing party." *Murray v. City of Bonners Ferry*, No. 2:15-cv-00081-REB, 2016 WL 3198232, at *2 n.3 (D. Idaho June 8, 2016). Moreover, excessive briefs "may actually hurt a party's case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.'" *Elec. Frontier Found. v. C.I.A.*, No. C 09-03351 SBA, 2012 WL 112359, at *1 (N.D. Cal. April 3, 2012) (quoting *Fleming v. Cnty. of Kane, State of Ill.*, 855 F.2d 496, 497 (7th Cir. 1988)).

Both Parties filed the numerous lengthy motions noticed for the same day without first seeking leave from the Court. An initial evaluation of the motions reveals that, combined, Plaintiff's substantive motions exceed one hundred twenty (120) pages in length. Defendant's substantive motions exceed sixty (60) pages in length. These submissions thus violate the plain language of Civil Local Rule 7.1(h). The overly excessive length of the submissions is also prejudicial to the opposing Party given that the applicable Local Rule generally limits the length of briefs in opposition to all motions noticed for the same day to twenty-five (25) pages in length. Civ. L.R. 7.1(h).

This Court takes compliance with its Local Rules seriously, and therefore will strike the Parties' filings in their entirety. However, the Court will afford the Parties the

opportunity to file one brief each that conforms to the page limit set by Civil Local Rule 7.1(h). To the extent the Parties' *Daubert* motions go to their arguments in support of their motions for summary judgment, those arguments must be incorporated into their single brief in support of their motions for summary judgment. The Parties must endeavor to keep their motions concise and to the point. Because the Court is striking the motions for summary judgment and *Daubert* motions, the supporting papers are also stricken. Upon resubmitting the supporting papers with their revised motions, the Parties must each file one appendix and one accompanying motion to seal with no duplication of lodgments. Future noncompliance with the Local Rules will not be tolerated.

Based on the foregoing, the Court sua sponte **STRIKES** the Parties' motions for summary judgment, *Daubert* motions, motions to file documents under seal, and related supporting papers for noncompliance with Civil Local Rule 7.1(h). (ECF Nos. 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216). The Parties may either (1) resubmit one revised Motion for Summary Judgment each, not exceeding 25 pages, and their supporting papers in the form outlined above no later than May 14, 2021 or (2) submit a joint motion for leave of the Court to file overlength briefs of reasonable length, with the briefs included as exhibits to said motion, by May 14, 2021. If the Parties opt for the latter option, the Court reminds the Parties that shorter briefs are typically more helpful to the Court "because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." *Elec. Frontier Found.*, 2012 WL 112359, at *1 (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989)). While the Court may be inclined grant the Parties leave to

///
///
///
///
///

modestly exceed the page limit, the Parties are cautioned not to abuse the Court's limited resources and to practice brevity in their motion practice.

**IT IS SO ORDERED.**

Dated: May 6, 2021

Hon. Janis L. Sammartino
United States District Judge