UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL,<br><br>                                  Plaintiff,<br><br>v.<br><br>DJO GLOBAL, INC. and DJO<br>FINANCE, LLC,<br><br>                                  Defendants. | Case No.:  3:19-cv-00970-JLS-AHG<br><br>**ORDER REGARDING<br>DEFENDANT'S MOTION TO<br>COMPEL AND FOR SANCTIONS<br>FOLLOWING IN CAMERA<br>REVIEW**<br><br><br>**[ECF No. 173]** |

1

## I.   BACKGROUND

On July 1, 2021, the Court issued an Order Granting in Part and Deferring in Part Defendant's Motion to Compel and for Sanctions (ECF No. 173) ("Motion to Compel"). ECF No. 238 (the "July 1 Order"). The July 1 Order concerned a discovery dispute regarding Defendant's pursuit of materials from a prior litigation involving Plaintiff and the patents-in-suit (the "DePuy litigation").

As discussed in the July 1 Order, the parties' dispute regarding DePuy litigation materials was first addressed in part by the Court in its December 22, 2020 Order (ECF No. 144) granting in part and denying in part the relief sought by Defendant in the parties' Joint Motion for Resolution of Discovery Dispute (ECF No. 106). In compliance with that Order, Plaintiff provided a supplemental privilege log ("First Supplemental Privilege Log") to Defendant by the Court-imposed deadline of January 11, 2021. *See* ECF No. 173-7. In the Motion to Compel, Defendant argued that the First Supplemental Privilege Log did not comply with the December 22 Order, because the descriptions were insufficient to allow Defendant to verify the claims of privilege, and, more significantly, Defendant contended the log still failed to account for numerous withheld and redacted documents. ECF No. 173 at 8. After meeting and conferring, Plaintiff produced a Second Supplemental Privilege Log and additional documents on February 12, 2021. *See* ECF No. 173-11. After further meet-and-confer attempts and a discovery conference with the Court, Defendant brought the Motion to Compel. ECF No. 173.

In its motion, Defendant contended that Plaintiff had improperly refused to produce all documents responsive to Defendant's Request No. 36 in its First Set of Requests for Production of Documents ("RFP No. 36"), which sought "[a]ll pleadings discovery, expert reports and disclosures, and correspondence from [the DePuy litigation]." ECF No. 173-2 at 48. Defendant further asserted that the new materials Plaintiff produced on February 12, 2021—including 13 new documents, 9 unredacted copies of previously redacted documents, 25 new privilege log entries, and 14 revisions of existing log entries—"strongly suggest[] that [Plaintiff's] withholding of the information is less than innocent."

ECF No. 173 at 9. To remedy Plaintiff's purported misconduct, Defendant asked the Court to (1) conduct *in camera* review of the DePuy litigation documents that Plaintiff continued to withhold and redact, (2) compel Plaintiff to produce all non-privileged documents responsive to RFP No. 36 "related to patent infringement, damages, or validity,"[1] and (3) impose fee-shifting sanctions on Plaintiff.

In the July 1 Order, the Court granted Defendant's motion to compel the depositions of Richard Tarr and Brian Tomko from the DePuy litigation, which Plaintiff had withheld as non-responsive but not privileged, and granted Defendant's request for *in camera* review of certain other materials from the DePuy litigation that Plaintiff had redacted on the basis of privilege. *See* ECF No. 238. The Court deferred ruling on Defendant's request for sanctions pending the completion of its *in camera* review.

## II.    DISCUSSION

The documents subject to *in camera* review included the unredacted versions of: (1) the deposition transcript of Dr. Mark Hanes; (2) the deposition transcript of Venkat Narayan; (3) the deposition transcript of Dr. Fu-Wen Shen; and (4) certain of Plaintiff's discovery responses from the DePuy litigation (ECF Nos. 172-10, 172-11, 172-12), with certain exceptions.[2] Having conducted the *in camera* review of these materials, the Court finds as follows:

\\

---

[1] During the meet-and-confer process, the parties had agreed to narrow the scope of RFP No. 36 to documents within these parameters. ECF No. 173-3 at 3.

[2] Plaintiff was not required to produce its responses to DePuy's Interrogatories Nos. 8 or 10 to the Court for *in camera* review, because the Court found Defendant failed to meet its burden under the test set forth in *United States v. Zolin*, 491 U.S. 554, 572 (1989) to "show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *See In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992) (applying the *Zolin* test to determine the propriety of *in camera* review of materials subject to a claimed attorney-client privilege).

**A. <u>Deposition of Dr. Mark Hanes (ECF No. 172-7)</u>**

As discussed in the Court's July 1 Order, the Hanes Deposition description in Plaintiff's First Supplemental Privilege Log reads: "Litigation document reflecting communications between M. Hanes and patent prosecution counsel acting on behalf of DePuy and [Plaintiff] regarding prosecution strategy." ECF No. 173-7 at 53. In contrast, the Hanes deposition description in the Second Supplemental Privilege Log (current) reads: "Redacted deposition testimony discussing communication between M. Hanes, H. McKellop, and 'prosecution counsel' regarding 110 Patent Family patent applications." ECF No. 173-11 at 2.

The Court has reviewed the redacted portions of the Hanes Deposition at 23:14-27:17, 43:10-19, 44:17-45:7, 45:19-46:24, 47:16-48:9, 50:16-63:7, 181:18-198:5, 203:13-208:9, 211:10-218:4, 237:11-251:3, and 252:23-253:18. *See* ECF No. 172-7. For simplicity, the Court treats these as five portions of deposition testimony (pages 23-27, 43-63, 181-198, 203-218, and 237-253) and will address each portion in turn to evaluate whether Plaintiff's privilege log entry is adequate.

*i.    Pages 23-27*

The Court finds the portion of the Hanes Deposition at 23:14-27:17 is not privileged.

Dr. Hanes's deposition testimony in this section concerns whether he believed Orthopaedic Hospital would be entitled to royalties for any products that DePuy sold containing AOX, based on his opinion about whether the Hospital's pending patent application claims covered AOX. Dr. Hanes is an engineer, not an attorney, and gives no indication in his testimony that his opinion is based on communications with "prosecution counsel." During the Court's hearing on Defendant's motion, Plaintiff explained that the reason it did not identify "prosecution counsel" in its privilege log entries is because "prosecution counsel" was not identified in the corresponding materials. Dr. Hanes makes no reference to "prosecution counsel" in this portion of his testimony. The only communication discussed is an email between Dr. Hanes and Matt Reimink, who is not identified as an attorney and, when Dr. Hanes was asked his title, he stated that Mr.

4

Reimink "was in hip development. I don't recall his title at that time." Hanes Dep. 27:9-11. Therefore, if anything, Dr. Hanes's testimony suggests Mr. Reimink is not "prosecution counsel."

Plaintiff is **ORDERED** to produce 23:14-27:17 of the Hanes Deposition to Defendant.

ii.     *Pages 43-63*

The Court finds that the deposition testimony at 44:17-45:7, 46:15-24, and 47:16-48:9 of the Hanes Deposition is privileged and was properly logged.

The testimony at lines 43:10-19 and 45:19-46:14 is not privileged. This portion of testimony reveals the fact that Dr. Hanes discussed the prosecution of the patents-in-suit with Plaintiff and its counsel, but it does not reveal the ***content*** of such discussions. The fact that Dr. Hanes discussed the patent prosecution with counsel is not itself privileged, even if the substance of the communication may be. *See, e.g.*, *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir. 1977) ("[T]he [federal attorney-client] privilege normally extends both to the substance of the client's communication as well as the attorney's advice in response thereto. It also extends to those papers prepared by an attorney or at an attorney's request for the purpose of advising a client, provided the papers are based on and would tend to reveal the client's confidential communications. The privilege does not extend, however, beyond the substance of the client's confidential communications to the attorney.") (internal citations omitted); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 n.2 (S.D. Cal. 1999) ("[T]he ***fact*** that a privileged communication took place is not privileged.") (emphasis in original); *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG-DMR, 2016 WL 4474584, at *4 (N.D. Cal. Aug. 25, 2016) (explaining that an attorney's improper objection during a deposition based on the attorney-client privilege "appears to rest on a misunderstanding of what attorney-client privilege protects, since the questions did not seek the content of attorney-client privileged communications").

The testimony at 50:16-63:7 is not privileged. Like the deposition testimony at 26:20-27:13, this testimony from Dr. Hanes concerns a 2009 email between him and Mr.

Reimink regarding whether Plaintiff would be entitled to royalties on a DePuy product based on the licensing agreement.

Therefore, Plaintiff is **ORDERED** to produce pages 45:19-46:14 and 50:16-63:7 of the Hanes Deposition to Defendant.

### iii.    Pages 181-198

The testimony at 181:18-198:5 of the Hanes Deposition is privileged. However, it is improperly logged as "[r]edacted deposition testimony discussing communication between M. Hanes, H. McKellop, and 'prosecution counsel' regarding 110 Patent Family patent applications." ECF No. 173-11 at 2. The testimony concerns M. Hanes Deposition Exhibit 12, which was withheld and logged as "email from H. McKellop to C. Barnett (DePuy in-house counsel), M. Hanes, D. McNulty, F. Shen, and W. Wong regarding response to Office Action." *See id.* at 3. Not only do these descriptions differ somewhat from each other, but the testimony itself indicates that the email was a meeting notice sent by Ms. Barnett, not authored by Dr. McKellop. Plaintiff is thus **ORDERED** to review those privilege log entries to ensure their accuracy and update them as needed.

### iv.    Pages 203-218

The testimony at pages 203:13-208:9 and 211:10-218:4 of the Hanes Deposition is privileged. However, again, the log entry—"[r]edacted deposition testimony discussing communication between M. Hanes, H. McKellop, and 'prosecution counsel' regarding 110 Patent Family patent applications"—is inaccurate with respect to these portions.

The testimony at pages 203:13-208:9 concerns M. Hanes Deposition Exhibit 16, a "[w]ithheld email from C. Barnett (DePuy in-house counsel) to W. Wong, F. Shen, and H. McKellop regarding '110 Patent Family prosecution strategy." ECF No. 173-11 at 3. Contrary to the log's blanket description of all redacted Hanes Deposition testimony as "discussing communication between M. Hanes, H. McKellop, and 'prosecution counsel'. . . ," Dr. Hanes was not included on this email, while other individuals besides Dr. McKellop and unnamed "prosecution counsel" were.

The testimony at pages 211:10-218:4 concerns M. Hanes Deposition Exhibit 18, a "[w]ithheld email from M. Hanes to V. Narayan, W. Wong, F. Shen, and H. McKellop regarding preparation of '110 Patent [] application." ECF No. 173-11 at 3. The privilege log entry makes no mention of the fact that any of the redacted Hanes testimony relates to privileged discussions among these individuals.

Therefore, Plaintiff is **ORDERED** to review and supplement the description of the redacted Hanes Deposition testimony to ensure it includes all privileged communications discussed therein.

*v.    Pages 237-253*

The testimony at pages 237:11-249:5 of the Hanes Deposition is privileged. However, this portion of testimony concerns Hanes Deposition Exhibit 23, which does not appear on Plaintiff's Second Supplemental Privilege Log. If Plaintiff withheld this document on the basis of privilege, Plaintiff should have logged it. Moreover, the Court is able to glean from the testimony that Exhibit 23 of the Hanes Deposition is an April 20, 2009 letter signed by Dr. Hanes, pertaining to discussions about a polyethylene idea unrelated to the '110 Patent Family that was submitted to DePuy by Dr. Shen and Dr. McKellop. The description of the redacted testimony in Plaintiff's privilege log is therefore inaccurate.

The testimony at pages 249:6-251:3 of the Hanes Deposition is not privileged. During this portion of the deposition, Dr. Hanes is questioned regarding M. Hanes Deposition Exhibit 25, which does not appear on Plaintiff's Second Supplemental Privilege Log and was apparently produced to Defendant, because Exhibit 15 of Defendant's Motion to Compel (ECF No. 172-5) matches the description of M. Hanes Deposition Exhibit 25. The exhibit is an email from Mindy Edgar to Dr. Hanes dated May 19, 2009 regarding a white paper on AOX. From the discussion of the email's contents in the deposition testimony and the Court's review of the matching email at ECF No. 172-5, it is not apparent to the Court what legitimate basis there could be to claim it is privileged. Mindy Edgar's email signature indicates she is a "Product Director – Knee Reconstruction" at DePuy, not

an attorney. ECF No. 172-5. If the email was produced, there is no basis to redact the deposition testimony discussing it. If the email was instead withheld as privileged, Plaintiff should have logged it. Further, the blanket description in the privilege log entry related to the redacted Hanes deposition testimony is inaccurate and thus insufficient to allow Defendant to verify the claim of privilege as to this portion of testimony.

The testimony at pages 252:23-253:18 of the Hanes Deposition is not privileged. This portion of testimony refers to an email exchange between Dr. Hanes and Dr. McKellop, which apparently relates to the fact that DePuy was entitled to select patent prosecution counsel pursuant to the terms of the licensing agreement between DePuy and Plaintiff. However, the contents of the email are not discussed beyond the reference to that contract term, which is not privileged.

Based on the foregoing issues, Plaintiff is **ORDERED** to produce pages 249:6-251:3 and 252:23-253:18 of the Hanes Deposition to Defendant. Further, Plaintiff is **ORDERED** to supplement the privilege log entry describing the redacted Hanes Deposition testimony to ensure it includes and accurately describes *all* privileged communications discussed therein. Finally, Plaintiff is **ORDERED** to supplement its privilege log to include all deposition exhibits that were withheld on the basis of privilege.

## B. Deposition of Dr. Venkat Narayan (ECF No. 172-8)

As discussed in the Court's July 1 Order, the Narayan Deposition description in First Supplemental Privilege Log reads: "Litigation document reflecting communications between H. McKellop, M. Hanes, and patent prosecution counsel acting on behalf of DePuy and [Plaintiff] regarding prosecution strategy." ECF No. 173-7 at 54. The Narayan deposition description in Second Supplemental Privilege Log (current) is: "Redacted deposition testimony discussing communication between M. Hanes, V. Narayan, and W. Wong regarding 110 Patent Family patent applications." ECF No. 173-11 at 3.

The Court has reviewed the redacted portions of the Narayan Deposition at 210:7-216:14 and 267:23-292:20. *See* ECF No. 172-8.

The redacted testimony at 210:7-216:14 is not privileged. In this portion of the deposition, Dr. Narayan was questioned regarding whether anyone at DePuy informed him that Dr. McKellop had patent applications in place that covered AOX polyethylene. Dr. Narayan's response gives no indication that an attorney was the source of any information discussed. In fact, before Dr. Narayan responded to the question, he was specifically cautioned by his attorney not to discuss any communications he may have had with counsel when answering. Plaintiff will be required to produce this portion of testimony to Defendant.

The redacted testimony at 267:23-292:20 is privileged. In this portion of testimony, Dr. Narayan discusses Deposition Exhibits 22 and 23, which were withheld and logged as "email thread between W. Wong, M. Hanes, V. Narayan, F. Shen, and H. McKellop regarding preparation of '110 Patent Family patent application" (Exhibit 22) and "email from W. Wong to M. Hanes, V. Narayan, F. Shen, and H. McKellop regarding preparation of '110 Patent Family patent application" (Exhibit 23). ECF No. 173-11 at 4. Although the Court finds that this testimony is properly redacted as privileged, Plaintiff should update the privilege log description of the redacted Narayan deposition testimony to accurately reflect all parties to the communication.

Based on the foregoing issues, Plaintiff is **ORDERED** to produce pages 210:7-216:14 of the Narayan deposition to Defendant. Further, Plaintiff is **ORDERED** to supplement the privilege log entry describing the redacted Narayan Deposition testimony to ensure it includes and accurately describes the privileged communications discussed therein.

## C. <u>Deposition of Dr. Fu-Wen Shen (ECF No. 172-9)</u>

As discussed in the Court's July 1 Order, Plaintiff's description of the redacted Shen deposition testimony in Second Supplemental Privilege Log is: "Redacted deposition testimony summarizing communication between H. McKellop, F. Shen, and W. Wong regarding preparation of 110 Patent Family patent application." ECF No. 173-11 at 3.

The redacted portions of the Shen Deposition include pages 60:19-63:5 and 154:7-156:24. Neither portion is privileged.

Pages 60:19-63:5 of the Shen Deposition transcript contain a discussion of a November 20, 2009 email from Dr. Shen to Dr. McKellop. As the Court noted in the July 1 Order, the Court has been unable to locate that email on either the First or Second Supplemental Privilege Logs, indicating that that exhibit has been produced to Defendant. *See generally* ECF Nos. 173-7, 173-11. If Plaintiff produced the email to Defendant, there is no basis to claim privilege over the testimony discussing the email. Additionally, the Court's review of the testimony establishes that nothing discussed therein is privileged. The testimony indicates that the provisional patent application filed for the '110 case in April 2000 is attached to the November 20, 2009 email, and Dr. Shen confirms that he, Dr. McKellop, and patent prosecution counsel Wean Khing Wong wrote the application at 62:21-24. The fact that the named inventors and Ms. Wong prepared the patent application is not privileged information and reveals nothing about privileged attorney-client communications.

Pages 154:7-156:24 are also not privileged. In Defendant's motion to compel, Defendant pointed out that Plaintiff redacted these pages in spite of the fact that Plaintiff produced the exhibit discussed therein, namely, Exhibit 4 to the Shen Deposition. *See* ECF No. 172 at 14-15. Exhibit 4 to the Shen Deposition is a February 2001 email thread between named inventors Dr. Shen and Dr. McKellop, analyzing relevant prior art before the filing of the patents-at-issue. *See* ECF No. 172-4. In the July 1 Order, the Court agreed with Defendant that Plaintiff's continued insistence that the testimony was privileged, despite having produced the correspondence discussed therein, supported a reasonable, good-faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged. ECF No. 238 at 19.

The Court's *in camera* review bears out that belief. The testimony is not privileged, and there was no valid reason for Plaintiff to refuse to produce this portion of testimony to Defendant after producing the email correspondence discussed in the testimony.

Plaintiff is therefore **ORDERED** to produce the full unredacted version of the Shen Deposition to Defendant.

### D. <u>Plaintiff's discovery responses from the DePuy litigation (ECF Nos. 172-10, 172-11, and 172-12)</u>

In the July 1 Order, the Court required Plaintiff to produce certain of Plaintiff's discovery responses from the DePuy litigation (ECF Nos. 172-10, 172-11, 172-12) to the Court for *in camera* review, except that Plaintiff was not required to produce its responses to DePuy's Interrogatories Nos. 8 or 10 contained in ECF No. 172-11. ECF No. 238 at 31. The Court will address each set of responses in turn.

> i. *Plaintiff's Objections and Supplemental Responses to DePuy's First Set of Interrogatories (Nos. 1-7, 9, 10) (ECF No. 172-10)*

The only partially redacted discovery response in Plaintiff's Objections and Supplemental Responses to DePuy's First Set of Interrogatories (Nos. 1-7, 9, 10) (ECF No. 172-10) is a supplemental response to DePuy's Interrogatory No. 6, which asks, "Identify all facts, including without limitation, any documents and individuals with knowledge relating to Your allegation . . . that 'DePuy's AOX product resulted from [Plaintiff's] and DePuy's joint development of anti-oxidant polyethylene technology.'" ECF No. 172-10 at 18. The corresponding privilege log entry states: "Redacted discovery response summarizing communication between [Plaintiff], M. Hanes, and 'prosecution counsel' regarding preparation of 110 Patent Family patent application." ECF No. 173-11 at 2.

Having reviewed the redacted response, the Court finds it was properly redacted and logged, unless the underlying communication discussed therein ("Bates No. OH002998-30") has been produced to Defendant. If the underlying communication has not been produced, Plaintiff need not produce the unredacted version of this response to Defendant.

> ii. *Plaintiff's Second Objections and Supplemental Responses to DePuy's Interrogatories (Nos. 1-4, 6-8, 10-13, 16-18) (ECF No. 172-11)*

The same partially redacted supplemental response to DePuy's Interrogatory No. 6 that was just discussed also appears in Plaintiff's Second Objections and Supplemental

Responses to DePuy's Interrogatories (Nos. 1-4, 6-8, 10-13, 16-18). ECF No. 172-11 at 20. Once again, assuming the underlying communication has not been produced to Defendant in this action, the response is properly redacted and logged as privileged.

This set of responses also includes an ***additional*** supplemental response to DePuy's Interrogatory No. 6. ECF No. 172-11 at 21-22. Plaintiff's description of this redaction on its privilege log reads: "Redacted discovery response summarizing communication between . . . H. McKellop, B. Loo (DePuy in-house counsel), and DePuy personnel." ECF No. 173-11 at 2. However, to the extent the response summarizes the contents of any discussions, there is no indication that an attorney was a part of the discussions. The only reference to an attorney (Blossom Loo, DePuy in-house counsel) appears in a citation following the statement that "[o]ver the course of the 110 Patent Family prosecution, Dr. McKellop had regular contact with DePuy personnel and researchers to exchange confidential information regarding patent prosecution and patent development." This statement does not reveal the ***contents*** of any such discussions and is therefore not privileged.

The only redacted portion of the response that does summarize the contents of "[i]nternal DePuy communications" (on p. 21 of the unredacted version of ECF No. 172-11 provided to the Court) does not appear to refer to communications involving attorneys. However, before requiring Plaintiff to produce the full unredacted response to Defendant, the Court will allow Plaintiff an opportunity to be heard on whether the "[i]nternal DePuy communications" summarized in the response are indeed privileged attorney-client communications.

The Court did not conduct an *in camera* review of Plaintiff's supplemental response to DePuy's Interrogatory No. 8 or Plaintiff's Second Supplemental Response to DePuy's Interrogatory No. 10. ECF No. 238 at 21-22. *See also* ECF No. 172-11 at 32-33, 36-37.

The final partially redacted response in ECF No. 172-11 is Plaintiff's Supplemental Response to DePuy's Interrogatory No. 14, which asks:

Describe in detail all facts relating to the conception, reduction to practice, and any diligence between the asserted conception and reduction to practice, of each claim identified in response to Interrogatory No. 12 [asking for all patents and/or patent applications that Plaintiff contended form the basis for DePuy's obligation to pay royalties under the license agreement at issue in the DePuy litigation] and each asserted claim of the '710 patent, including the date on which each claimed invention was conceived, the date on which each claimed invention was reduced to practice, the identity of each person with knowledge of such conception, reduction to practice, and diligence, and the nature of each person's participation, involvement and/or contribution to such conception, reduction to practice, and/or diligence.

ECF No. 172-11 at 50.

The redacted portion of Plaintiff's response is not privileged. It merely states that, "[a]fter conception, Drs. McKellop and Shen worked closely with prosecution counsel to file a provisional application on April 27, 2000 and subsequently file the '839 application on April 27, 2001." It is unclear to the Court why Plaintiff would claim this information is privileged. The only potentially relevant description in the privilege log entry corresponding with this set of discovery responses is that it is a "[r]edacted discovery response summarizing communication between . . . H. McKellop, F. Shen, and 'prosecution counsel' regarding preparation of 110 Patent Family patent application." ECF No. 173-11 at 2. However, no communications are summarized here. Plaintiff's claim of privilege over this sentence is baseless. Defendant must produce the unredacted version of this response to Defendant.

                *iii.*    *Plaintiff's Objections and Responses to DePuy's Fourth Set of Interrogatories (Nos. 19-24) (ECF No. 172-12)*

The only partially redacted response in Plaintiff's Objections and Responses to DePuy's Fourth Set of Interrogatories (Nos. 19-24) is Plaintiff's response to DePuy's Interrogatory No. 24, which asks:

State when [Plaintiff] first became aware of the following prior art references identified in DePuy's Final Invalidity Contentions, and describe the facts and circumstances relating to Plaintiff's discovery of each reference: U.S. Patent No. 6,355,215 to Poggie et al., Japanese Laid-Open Patent Application No.

13

11-239611 to Tomita et al., International Publication No. WO 00/49079 to Lidgren et al., and U.S. Patent No. 6,794,423 to Li.

ECF No. 172-12 at 14.

Plaintiff's description of this redaction in its First Supplemental Privilege Log (current) reads: "Litigation document reflecting communications between [Plaintiff] and patent prosecution counsel acting on behalf of DePuy and [Plaintiff] regarding prosecution strategy." ECF No. 173-7 at 53.

Having reviewed the redacted portion of Plaintiff's response to DePuy's Interrogatory No. 24, the Court finds the redacted information is not privileged. This portion contains the dates when Plaintiff first became aware of the prior art references listed in the Interrogatory. That information is not privileged, and the response does not "reflect[]" attorney-client communications "regarding prosecution strategy[,]" as claimed. Plaintiff is **ORDERED** to produce the full unredacted version of this response to Defendant.

### E. <u>Depositions of Richard Tarr and Brian Tomko</u>

As discussed in the July 1 Order, Plaintiff did not withhold the deposition transcripts of Richard Tarr and Brian Tomko on the basis of privilege, but rather because Plaintiff contended they were non-responsive to the narrowed scope of Defendant's RFP No. 36, i.e., materials from the DePuy litigation "related to patent infringement, damages, or validity." Thus, rather than conducting *in camera* review of the depositions, the Court ordered Plaintiff to produce the deposition transcripts to Defendant. ECF No. 238 at 30. The Court stated that it would reassess whether to impose Rule 37 sanctions after reviewing the transcripts along with the other materials provided for *in camera* review. *Id.*

However, the parties have not yet been given an opportunity to be heard on the propriety of sanctions with respect to the Tarr and Tomko deposition transcripts, or any of the other DePuy litigation materials that were the subject of the motion to compel and that Plaintiff must now produce to Defendant without redactions. Now that Defendant has had the benefit of reviewing the Tarr and Tomko deposition transcripts, and as discussed in

more detail below, the Court finds it appropriate to permit the parties to submit supplemental briefing on the question of whether or not the Court should award Defendant expenses pursuant to Rule 37.

## F. <u>Supplemental Briefing Regarding Rule 37 Sanctions</u>

The Court previously granted in part and deferred in part Defendant's Motion to Compel (ECF No. 173), by granting Defendant's request to compel the production of the deposition transcripts of Richard Tarr and Brian Tomko, and partially granting Defendant's request to conduct *in camera* review of other materials from the DePuy litigation. *See* ECF No. 238. Based on the additional rulings herein, the Court now **GRANTS in part** and **DENIES in part** all remaining requests to compel left unaddressed in the July 1 Order.

If the Court grants a motion to compel discovery, Rule 37 of the Federal Rules of Civil Procedure provides that "the court ***must***, after giving an opportunity to be heard, require the party [] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). But the Court ***must not*** order such payment if the opposing party's nondisclosure was substantially justified or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Most importantly, where—as here—the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(B).

In its December 22, 2020 Order, the Court required Plaintiff, in pertinent part, to "supplement its privilege log and production (if, upon review, Plaintiff finds it appropriate to revise its redactions) to include entries for the redacted portions of documents produced from the DePuy litigation." ECF No. 144 at 17. Further, Plaintiff was required to "identify which privilege—attorney-client privilege or the joint privilege with DePuy—it claims applies to each redaction, as well as provide sufficient information not allow Defendant to verify Plaintiff's privilege claims." *Id.*

At the time the parties submitted their briefs on Defendant's Motion to Compel and for Sanctions (ECF No. 173), Plaintiff contended that it had complied with all of its obligations under the Court's December 22 Order, by supplementing its privilege log to include (in relevant part) 21 new entries relating to the redacted DePuy litigation documents. ECF No. 176 at 10. Plaintiff argued that each of its revised and additional log entries provided sufficient information for Defendant to verify its privilege claims, as required. *Id.* at 11. Although Plaintiff acknowledged that Defendant took issue with the log descriptions of the DePuy litigation materials, Plaintiff countered that Defendant "does not contend that [Plaintiff] failed to log documents as required by the Court's December 22, 2020 Order. And . . . [Plaintiff's] privilege log entries provide sufficient detail to allow [Defendant] to 'verify' [Plaintiff's] privilege claims[.]" *Id.* at 12. Thus, Plaintiff resisted the request for *in camera* review of the materials on the basis that Defendant had failed to demonstrate either the inadequacy of Plaintiff's privilege log or that Plaintiff was withholding documents responsive to RFP No. 36. *Id.* at 16-22.

Although Plaintiff maintained it had committed no discovery violations, Plaintiff argued in the alternative that its "purported non-compliance is, at the very least, substantially justified[,]" and fee-shifting sanctions are thus not appropriate under Rule 37(a)(5)(A)(ii). *Id.* at 22-23. Specifically, Plaintiff argued that "even if the Court were to conclude that a greater level of detail is required, the privilege log entries are 'not so egregious that no person could believe they were sufficient.'" *Id.* at 23 (quoting *Subramani v. Wells Fargo Bank, N.A.*, 2015 WL 12964616, at *2 (N.D. Cal. 2015)). Plaintiff also noted that the Court's December 22 Order did not require Plaintiff to log documents withheld on responsiveness grounds, and that even if the Court determined certain documents relating to licensing negotiations between DePuy and Plaintiff are responsive to RFP No. 36, Plaintiff's position regarding responsiveness is substantially justified because "there is at least a 'genuine dispute' regarding whether communications regarding licensing agreements are discoverable." ECF No. 176 at 23 (quoting *Subramani*, 2015 WL 2296416, at *2).

However, while Plaintiff's arguments address the propriety of Rule 37 sanctions if the Court were to find that Plaintiff's privilege log was inadequate or that Plaintiff had improperly withheld documents as non-responsive, Plaintiff did not address the question of whether sanctions should be imposed if the Court finds—as it has—that Plaintiff improperly claimed attorney-client privilege to redact non-privileged information in the DePuy litigation materials.

As Plaintiff recounts in its opposition brief, the parties' dispute regarding the production of DePuy litigation materials has been percolating since at least October 2019. ECF No. 176 at 5-9. *See also, e.g.*, ECF No. 173-3. Defendant's specific objection to Plaintiff's failure to log the redacted DePuy litigation materials was first raised nearly a year ago on September 2, 2020. ECF No. 106-15 at 3. Over the long life of the dispute, the parties have met and conferred many times, including after Plaintiff produced its First Supplemental Privilege Log on January 11, 2021 in response to the Court's Order requiring Plaintiff to (among other things) review and supplement its privilege log and production related to the DePuy litigation documents, and then several more times again after Plaintiff produced its Second Supplemental Privilege Log. *See* ECF No. 176 at 11 (discussing meet-and-confer process).

It is concerning to the Court that Plaintiff failed to recognize at any point during this lengthy process of meeting and conferring, reviewing, and supplementing its privilege log that many of its redactions of the DePuy litigation documents based on claims of privilege were improper. For example, in the Motion to Compel, Defendant explains that Plaintiff produced Exhibit 4 to the Shen Deposition on February 12, 2021, along with the Second Supplemental Privilege Log, after Defendant brought it to Plaintiff's attention during the meet-and-confer process that the exhibit was missing from the First Supplemental Privilege Log. ECF No. 173 at 14. Yet Plaintiff maintained its redaction of the discussion of that document in Dr. Shen's deposition transcript and continued to log the redaction as "deposition testimony summarizing communication between H. McKellop, F. Shen, and W. Wong regarding preparation of 110 Patent Family patent application"—i.e., testimony

17

summarizing a privileged communication. ECF No. 173-11 at 3. Then, ***even after*** reviewing Defendant's Motion to Compel, which pointed out that the claim of privilege over this redacted testimony was likely baseless, Plaintiff did not budge from its position that it had acted properly. On this point, it seems that Plaintiff believed its only obligation pursuant to the December 22 Order was to log the redactions and include descriptions allowing Defendant to verify its claims of privilege—never mind if the descriptions were accurate or if the redacted portions of the documents were actually privileged. If so, that belief would be based on an unreasonable reading of the December 22 Order. Additionally, Plaintiff has discovery obligations independent of the instructions set forth in the Court's Order, and an improper claim of privilege is sanctionable with or without an underlying court order requiring a party to supplement and review its privilege log and, if appropriate, revise its redactions. Therefore, the Court is inclined to grant Defendant's motion for Rule 37 sanctions at least in part.

That said, not every redaction that the Court has found improper in this Order is as obviously improper as Plaintiff's redaction of the Shen deposition testimony. Moreover, Rule 37 expressly prohibits the imposition of fee-shifting sanctions without first giving the non-movant an opportunity to be heard. *See* Fed. R. Civ. P. 37(a)(5)(A), (B). And, because the Court has only granted Defendant's Motion to Compel in part, both parties must be given a chance to be heard on how the Court should apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, Defendant is **ORDERED** to file a supplemental brief by **September 7, 2021** setting forth its position on the appropriate sanctions the Court should impose on Plaintiff pursuant to Rule 37, in light of the Court's partial grant of Defendant's Motion to Compel. In support of the supplemental brief, Defendant must provide timekeeping records demonstrating the fees and costs Defendant incurred related to the Motion to Compel, including briefing, attending the pre-motion discovery hearing, reviewing the first and second supplemental productions in January and February 2021, and reviewing the production of the DePuy litigation materials at issue in the motion to

18

1
2
3
4
5
6
7
8
9
10
11
12
13

compel. Defendant should be mindful that it bears the burden of demonstrating that its counsel's hourly rates are reasonable and in line with prevailing rates in the relevant legal community of the Southern District of California. *See Herring Networks, Inc. v. Maddow*, No. 19-cv-1713, 2021 WL 409724, at *4 (S.D. Cal. 2021). Defendant may also address whether the Court should consider awarding Defendant any portion of the fees and costs it incurred in connection with the first Joint Motion for Resolution of Discovery Dispute filed on October 1, 2020, since Defendant first raised the issue then that many of the redacted DePuy litigation documents were plainly not privileged. *See* ECF No. 106 at 7-10.[3] Further, Defendant must address whether, after reviewing the compelled materials (including the Tarr and Tomko depositions), Defendant believes additional Rule 37 sanctions are warranted beyond the fee-shifting sanctions requested in the March 25, 2021 Motion to Compel. Defendant should explain whether it has been prejudiced by the late production of any information compelled by this Order or by the July 1 Order.

14
15
16
17
18
19
20
21
22

Plaintiff's response to Defendant's supplemental brief is due no later than **September 21, 2021**. In addition to responding to Defendant's position on the reasonable apportionment of expenses under Rule 37(a)(5)(B), Plaintiff must address whether its redactions of non-privileged information were substantially justified or if other circumstances make an award of expenses unjust. Plaintiff's supplemental briefing should also address the other questions left open by this Order, including (a) whether the underlying communication discussed in Plaintiff's redacted supplemental response to

23
24
25
26
27
28

[3] The Court already addressed and rejected Defendant's argument that Plaintiff waived its claim of privilege over these documents by failing to log the redactions, accepting Plaintiff's position that it was operating under the assumption that the parties had agreed that Plaintiff was not required to log all privileged documents, and determining that the appropriate remedy was granting Plaintiff an opportunity to cure by logging the documents. *See* ECF No. 144 at 12-14. However, the Court explicitly did not reach the issue of whether Plaintiff's privilege assertions over some of the documents or its redactions were appropriate. *Id.* at 14 n.5. Therefore, the parties may revisit that question in the supplemental briefing on sanctions.

19

DePuy's Interrogatory No. 6 ("Bates No. OH002998-30") (on page 20 of the unredacted version of ECF No. 172-10) has otherwise been produced to Defendant in this litigation (relevant to whether the claim of privilege over that communication has been waived); and (b) whether the "[i]nternal DePuy communications" summarized in Plaintiff's additional supplemental response to DePuy's Interrogatory No. 6 (on pages 21-22 of the unredacted version of ECF No. 172-11) are indeed privileged attorney-client communications (relevant to whether Plaintiff must produce the full response to Defendant).

Defendant's reply is due **September 28, 2021**.

The supplemental briefs are limited to **15 pages** for the initial brief and response, and **7 pages** for the reply, not including exhibits. Defendant may attach its timekeeping records as an exhibit.

The Court will hold a hearing on the supplemental briefing on **October 12, 2021** at **2:00 p.m.**

### III.   CONCLUSION

The Court previously granted in part and deferred in part Defendant's Motion to Compel and for Sanctions (ECF No. 173). ECF No. 238. To the extent Defendant's motion was deferred, the Court now **GRANTS in part** and **DENIES** in part the motion to compel.

Plaintiff is **ORDERED** to produce pages 23:14-27:17, 45:19-46:14, 50:16-63:7, 249:6-251:3, and 252:23-253:18 of the Hanes Deposition to Defendant.

Plaintiff is **ORDERED** to review and supplement the description of the redacted Hanes Deposition testimony to ensure it includes and accurately describes all privileged communications discussed therein. Plaintiff is further **ORDERED** to review the privilege log entry related to M. Hanes Deposition Exhibit 12 to ensure its accuracy and update it as needed. Finally, Plaintiff is **ORDERED** to supplement its privilege log to include all deposition exhibits that were withheld on the basis of privilege.

Plaintiff is **ORDERED** to produce pages 210:7-216:14 of the Narayan deposition to Defendant. Further, Plaintiff is **ORDERED** to supplement the privilege log entry

describing the redacted Narayan Deposition testimony to ensure it includes and accurately describes the privileged communications discussed therein.

Plaintiff is **ORDERED** to produce the full unredacted version of the Shen Deposition to Defendant.

Plaintiff's redacted supplemental response to DePuy's Interrogatory No. 6 appearing on page 20 of ECF No. 172-10 was properly redacted and logged, unless the underlying communication discussed therein ("Bates No. OH002998-30") has been produced to Defendant. If the underlying communication *has* been produced, any claim of privilege is waived, and Plaintiff must produce the unredacted version of this response to Defendant.

Plaintiff will be permitted to submit supplemental briefing regarding its redacted additional supplemental response to DePuy's Interrogatory No. 6 appearing on pp. 21-22 of ECF No. 172-11 before producing it to Defendant.

Plaintiff is **ORDERED** to produce to Defendant its full unredacted responses to DePuy's Interrogatory No. 14 (contained in ECF No. 172-11) and DePuy's Interrogatory No. 24 (contained in ECF No. 172-12) to Defendant.

With respect to Defendant's request for sanctions in the Motion to Compel and for Sanctions (ECF No. 173), the Court will allow the parties a further opportunity to be heard on that request in light of the Court's rulings herein. Both parties are **ORDERED** to submit supplemental briefing in accordance with the parameters set forth above, and in compliance with the following schedule:

(1) Defendant's Supplemental Brief is due by **September 7, 2021**.

(2) Plaintiff's Supplemental Response Brief is due by **September 21, 2021**.

(3) Defendant's Reply is due by **September 28, 2021**.

(4) The Court will hold a hearing on the supplemental briefing on **October 12, 2021** at **2:00 p.m.** in **Courtroom 3B** in the Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, California 92101. The

3:19-cv-00970-JLS-AHG

Court will consider converting the in-person hearing to videoconference if the parties so request.[4]

**IT IS SO ORDERED.**

Dated:  August 23, 2021

Honorable Allison H. Goddard
United States Magistrate Judge

---

[4] If the hearing proceeds in person as planned, the location of the hearing in Courtroom 3B is subject to change. The parties will be given at least one week's notice of any courtroom change.

3:19-cv-00970-JLS-AHG