1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORTHOPAEDIC HOSPITAL d/b/a Orthopaedic Institute For Children,<br><br>                                          Plaintiff,<br><br>v.<br><br>ENCORE MEDICAL L.P.,<br><br>                                          Defendant. | Case No.: 19-CV-970 JLS (AHG)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 220, 223, 231, 234, 244, 246, 263) |

19
20
21
22
23
24
25
26
27
28

Presently before the Court are Plaintiff's (ECF Nos. 220, 231, 244) and Defendant's (ECF Nos. 223, 234, 246, 263) Motions to File Documents Under Seal. These Motions were filed in connection with Plaintiff's Motion for Partial Summary Judgment, Defendant's Motion for Summary Judgment, and Defendant's Memorandum of Contentions of Law and Fact. Having carefully considered the Motions, the proposed documents, and the relevant law, the Court **DENIES WITHOUT PREJUDICE** the Parties' Motions.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Given the strong presumption in favor of access to court records, a party seeking to file materials under seal in support of a dispositive motion, such as a motion for summary judgment, must articulate compelling reasons to maintain their confidentiality. *See Foltz*, 331 F.3d at 1136. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

///

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard. *Foltz*, 331 F.3d at 1136. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

### I. Plaintiff's Summary Judgment Motions

Plaintiff filed three motions to seal in conjunction with the Parties' cross motions for summary judgment.

#### A. First Motion to Seal

In its first motion to seal, Plaintiff moves to seal portions of its Motion for Partial Summary Judgment and to Exclude Expert Testimony, the Declaration of Paul M. Schoenhard, Plaintiff's Statement of Material Facts, and Exhibits 1–5, 9–41, 48, 50–51, 67, 70–71, 74–75, 77–82, 84, 86, and 87. ECF No. 220.

Plaintiff seeks to seal Exhibits 1–5, 9–41, 48, 51, 70–71, 74–75, 77–82, 84, 86, and 87 "because [Defendant] has designated these exhibits as 'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order in this case." ECF No. 220 at 1. A review of the Exhibits reveals that they primarily consist of declarations, interrogatory responses, transcripts of various depositions, expert reports, and miscellaneous business documents. Sealing is only appropriate in conjunction with a dispositive motion after an appropriate showing has been made that satisfies the compelling reasons standard. Defendant has failed to submit a declaration in support of the Motion stating that the redacted Exhibits meet the compelling reasons standard such that sealing is warranted. Without a specific showing, it is unclear to the Court what portions of these Exhibits—if ///

1    any—contain information that would cause specific prejudice or harm to Defendant if they
2    are not filed under seal.

3         Next, Plaintiff seeks to seal Exhibit 50 to the Schoenhard Declaration.  Exhibit 50 is
4    a report for Jordi Labs.  Plaintiff claims in its motion, not in a declaration, that "[g]ood
5    cause" exists to seal Exhibit 50 because it "contains [Plaintiff]'s confidential laboratory
6    results."  ECF No 220 at 1–2.  As this Exhibit was filed in conjunction with a dispositive
7    motion, Plaintiff must meet the compelling reasons standard and articulate why every part
8    of the document must be filed under seal.  Plaintiff has not done so here.

9         Plaintiff also seeks to seal Exhibits 67 to the Schoenhard Declaration, which is
10   Plaintiff's *Markman* Hearing Technology Tutorial.  Plaintiff claims "[g]ood cause" exists
11   to seal Exhibit 67 because it "contains [Plaintiff]'s attorney work product."  ECF No 220
12   at 1–2.  The work product doctrine protects from discovery "documents and tangible things
13   prepared by a party or his representative in anticipation of litigation."  *United States v.*
14   *Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Court for*
15   *Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989)).  The overarching goal of the work
16   product doctrine is to "prevent[ ] disclosure of [the] 'mental impressions, conclusions,
17   opinions, or legal theories of a party's attorney or other representative concerning the
18   litigation.'"  *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 999 (9th Cir. 2012) (quoting
19   Fed. R. Civ. P. 26(b)(3)(B)).  Plaintiff's technology tutorial was displayed in open court
20   during the *Markman* hearing on June 11, 2020.  *See* ECF No. 73.  Plaintiff, as the party
21   asserting privilege, bears the burden of proving that it did not waive work product
22   protection.  *See* Fed. R. Evid. 502.  Plaintiff has not carried its burden here.

23        The Parties have failed to meet their burden of establishing compelling reasons to
24   seal the documents sufficiently outweighs the public interest.  Therefore, it is not clear
25   whether portions of Plaintiff's Motion for Partial Summary Judgment and to Exclude
26   Expert Testimony, the Declaration of Paul M. Schoenhard, and Plaintiff's Statement of
27   Material Facts also warrant sealing.

28   ///

19-CV-970 JLS (AHG)

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's First Motion to File Documents Under Seal (ECF No. 220).

### B.      Second Motion to Seal

In its second motion to seal, Plaintiff moves to seal Exhibits D, H, I, J, K, L, M, N, Q, R, U, V, X, Y, Z, and AA to the Declaration of Paul M. Schoenhard and portions of Plaintiff's Opposition to Defendant's Motions for Summary Judgment and Plaintiff's Response to Defendant's Statement of Material Facts.  ECF No. 231.

First, Plaintiff seeks to file Exhibits J, K, N, X, Y, Z, and AA to the Schoenhard Declaration—and the portions of the Opposition and the Response referencing these Exhibits—under seal.  Plaintiff states that it "has requested that [Defendant] provide the Court with a declaration supporting the confidentiality of these documents."  ECF No. 231 at 2.  However, Defendant has not proffered such a declaration.  Defendant must make a specific showing as to why these Exhibits contain information that would cause specific prejudice or harm to Defendant if they are not filed under seal.

Exhibits L, M, U, and V were previously lodged under seal by Defendant in conjunction with the Parties' first round of motions for summary judgment.  The Court found sealing warranted in that limited instance in part because the exhibits "shed no light on the judicial process."  ECF No. 177 at 5.  In its order on the Parties' first motions for summary judgment, ECF No. 130, the Court "limited its analysis to the issue of which entity is the proper defendant and did not reach the merits of Plaintiff's patent infringement claims."  ECF No. 177 at 5.  Therefore, the Court did not rely on the technical information contained in the exhibits in reaching its conclusions.  *See id.*  Such is not the case here.  As the Court relied on the information contained in these documents, Defendant must justify why the Exhibits must be sealed in their entirety.

Finally, Plaintiff also seeks to file Exhibits D, H, I, Q, and R to the Schoenhard Declaration—and the portions of the Opposition and the Response referencing these Exhibits—under seal.  Plaintiff claims "good cause" exists because the Exhibits contain "confidential information regarding the development of [Plaintiff]'s patents" and

"confidential business information, specifically, information relating to licenses between [Plaintiff] and third parties." ECF No. 231 at 2. Plaintiff has not provided declarations of individuals with knowledge of these documents to support its argument that these documents require sealing. Without a specific showing, Plaintiff has not carried its burden.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Second Motion to File Documents Under Seal (ECF No. 231).

### C. *Third Motion to Seal*

In its third motion to seal, Plaintiff moves to seal portions of its Reply and Responses because Plaintiff's briefs reference other exhibits sought to be filed under seal. ECF No. 244. Given the Court's previous findings that the Parties have not carried their burdens to seal the above exhibits, the Court similarly **DENIES WITHOUT PREJUDICE** Plaintiff's Third Motion to File Documents Under Seal (ECF No. 244).

## II. Defendant's Summary Judgment Motions

Defendant filed three motions to seal in conjunction with the briefing on the Parties' cross motions for summary judgment.

### A. *First Motion to Seal*

In its first motion to seal, Defendant moves to seal portions of its Motion for Summary Judgment and to Exclude Milani, its Statement of Material Facts, and Exhibits 2, 4, 5, 10, 11, 18, 20–22, and 26. ECF No. 223. Defendant has provided the declaration of Brianne Straka in support of sealing these documents. *See* 1st Straka Decl., ECF No. 223-1.

Defendant contends Exhibits 2, 4, 5, 20, 21, 26 should be filed under seal because Plaintiff has designated the documents as highly confidential under the Protective Order (ECF No. 43) entered in this case. 1st Straka Decl. ¶¶ 3–5, 9–10, 12. Plaintiff has failed to submit a declaration in support of the motion stating that the Exhibits meet the "compelling reasons" standard such that sealing is warranted. For the same reasons articulated *supra* Section I.A, the Court finds the Parties have failed to meet their burden of establishing "compelling reasons" sufficient to outweigh the public's interest.

As for the other exhibits Defendant seeks to seal, the Court is not satisfied that Defendant has carried its burden of establishing "compelling reasons" to seal every part of the exhibits.  Exhibit 18, for example, is the expert report of Plaintiff's damages expert Michael Milani.  The report is almost a hundred pages.  It is not clear that every portion of the report contains sensitive financial information.  *See* Straka Decl. ¶ 8.  While the Court would be inclined to seal portions of documents that contain commercially sensitive information, *see, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008), the Parties are cautioned not to be overbroad in their requests for sealing and submit minimally redacted exhibits when possible.

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Defendant's First Motion to Seal (ECF No. 223).

### B.    Second Motion to Seal

In its second motion to seal, Defendant moves to seal Exhibits 31, 32, 40, 44, 46, and 50 and portions of Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Statement of Material Facts.  ECF No. 234.

Like Defendant's first motion to seal, Defendant argues in its second motion to seal that the documents warrant sealing because they have been marked a highly confidential under the protective order or because they contain sensitive and confidential business information.  *See* 2d Straka Decl., ECF No. 234-1.  The Court has already found that designation under the protective order is not sufficient to meet the compelling reasons standard.  Defendant also has not sufficiently alleged that every part of the documents warrant sealing.  For example, Defendant avers that Exhibit 44, the Expert Report of Anuj Bellare, contains confidential information; however, the report is more than eighty pages long.  Among other information, the report contains Dr. Bellare's educational background and career history.  Defendant has not suggested this information is confidential or sensitive.  Therefore, the request to seal is overbroad.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's Second Motion to Seal (ECF No. 234).

### C.   Third Motion to Seal

In its third motion to seal, Defendant moves to file its Response to Plaintiff's Additional Statement of Material Facts under seal because this brief references other exhibits the Parties have sought to file under seal. ECF No. 246. Given the Court's previous findings that the Parties have not carried their burdens to seal the above exhibits, the Court similarly **DENIES WITHOUT PREJUDICE** Defendant's Third Motion to File Documents Under Seal (ECF No. 246).

## III.   The Parties' Contentions of Fact and Law

On September 23, 2021, the Parties filed their Memoranda of Facts and Contentions of Law. *See* ECF Nos. 262, 265. Defendant filed a Motion to Seal, which seeks to seal portions of Defendant's memorandum that quotes from, summarizes, or describes the contents of exhibits that the Parties have previously requested be filed under seal. ECF No. 263. In light of the Court's ruling on the Parties' Motions for Summary Judgment, the Court has ordered the Parties to file updated Memoranda of Facts and Contentions of Law. Therefore, Defendant's motion to seal (ECF No. 263) is **DENIED WITHOUT PREJUDICE**. Defendant may refile its motion to seal alongside its updated memorandum of contentions of fact and law.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Parties' Motions to Seal (ECF Nos. 220, 223, 231, 234, 244, 246, 263).

Should the Parties elect to refile their motions to seal related to their cross motions for summary judgment, the Parties **SHALL FILE** a single motion made jointly by both Parties within twenty-one (21) days of the electronic docketing of this Order. The Court **DIRECTS** the Parties to meet and confer to coordinate their request and agree on the narrowest possible sealing order. The Parties should consider which information meets the compelling reasons standard necessary for sealing and make a specific showing supported by declarations of individuals with knowledge of the documents as well as the reasons for sealing every part of the document. The Court is not inclined to seal any documents in

their entirety, unless the Parties make the requisite showing to seal every portion of the document.

The joint renewed motion must include, for each item sought to be sealed, in a table format: (1) the docket number of the provisionally sealed version of the document; (2) the declaration and exhibit number; (3) the name of the document; (4) the specific portion(s) of the documents sought to be filed under seal, identified by page and line numbers where possible; and (5) the filer's reasons for seeking sealing of the material.  The reasons provided must be specific and tailored to the portion(s) of the documents sought to be sealed.  The Parties should also file, concurrent with this renewed motion, all necessary declarations establishing that the information sought to be sealed is sealable.

Should the Parties elect to not renew their motions as to some or all the items sought to be sealed, the Parties **SHALL FILE** full, unredacted copies of the documents previously lodged under seal at ECF Nos. 221, 224, 232, 235, 247, and 252 <u>within twenty-one (21) days</u> of the electronic docketing of this Order.

Defendant may refile its motion to seal portions of its memorandum of contentions of law and fact when it files an updated memorandum.

**IT IS SO ORDERED.**

Dated:  January 27, 2022

Hon. Janis L. Sammartino
United States District Judge

19-CV-970 JLS (AHG)